124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James MILLARD, Jr., Plaintiff-Appellant,
v.
John J. CALLAHAN*, Acting Commissioner,
Social Security Administration, Defendant-Appellee.
 No. 97-35083.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997***
Filed Sept. 29, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-95-02014-JR; James A. Redden, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Millard, Jr., appeals the district court's judgment affirming the final decision of the Commissioner of Social Security Administration which denied his application for disability benefits under 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's judgment upholding an administrative law judge's ("ALJ") denial of benefits. See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). We must affirm the ALJ's decision if it is supported by substantial evidence and is based upon the correct legal standards. See id.
 
 
 4
 We agree with the district court that substantial evidence supported the ALJ's specific reasons for discrediting the testimony of Millard and his wife concerning pain, severity of symptoms, blackouts, inability to walk very short distances without shortness of breath, and inability to stay awake eight continuous hours. See Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir.1992); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir.1993) (stating that ALJ may reject lay witness testimony by giving reasons "germane" to that witness).
 
 
 5
 We also agree with the district court that substantial evidence supported the ALJ's finding that Millard's severe physical impairments did not preclude him from returning to his past relevant work as a security guard or self-service gas station attendant. See Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir.1995); see also Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir.1989) (stating that ALJ may limit assumptions in hypothetical to those supported by substantial evidence).[1] Accordingly, the district court's judgment is affirmed.
 
 
 6
 AFFIRMED.
 
 
 
 *
 John J. Callahan, Acting Commissioner, Social Security Administration, is substituted for Shirley S. Chater pursuant to Fed. R.App. P. 43(c)(1)
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because substantial evidence supported the ALJ's finding that Millard is not precluded from returning to past relevant work, it is not necessary to address the application of the grids